UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASER ALSHIMARY,

    Plaintiff,

v.

WAL-MART STORES, INC., a Foreign
Corporation, individually and d/b/a WALMART,
WSE MANAGEMENT, LLC, WAL-MART,
WAL-MART NEIGHBORHOOD MARKET,
WAL-MART SUPERCENTER, WAL-MART
STORE #4383; and

WAL-MART STORES EAST, LIMITED
PARTNERSHIP, a Foreign Limited
Partnership, individually and d/b/a WALMART,
WSE MANAGEMENT, LLC, WALMART,
WAL-MART NEIGHBORHOOD MARKET,
WAL-MART SUPERCENTER, WAL-MART
STORE #4383,

    Defendants.
_____/

Case No. 14-12269
HON. AVERN COHN

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 11)

### I. INTRODUCTION

This is a premises liability case. Naser Alshimary (Plaintiff) is suing Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (Defendants), for injuries sustained after he slipped and fell on a puddle of yogurt while inside a Wal-Mart store in Dearborn, Michigan.

Before the Court is Defendants' Motion for Summary Judgment. Defendants argue, *inter alia*, that Plaintiff's claims are barred by Michigan's open and obvious danger doctrine. For the reasons that follow, Defendants' motion is GRANTED.

1

## II. BACKGROUND

The facts described below are taken from Defendants' Statement of Material Facts, as supplemented by exhibits and statements in the parties' briefs.[1]

On August 20, 2012, Plaintiff was shopping at a Wal-Mart store in Dearborn, Michigan, with his aunt and niece. Plaintiff had been to the Wal-Mart store several times before; he shopped there once or twice a month for at least one year prior to the incident.

After arriving at the store, Plaintiff followed his aunt and niece as they did their grocery shopping. Once their shopping was complete, Plaintiff walked with them to the checkout registers. While standing in the checkout line his aunt said that she forgot to get a few more items. Plaintiff escorted her to get these items because she does not speak English and he did not want her wandering around the store alone.

As Plaintiff was walking through the store, he suddenly slipped and fell to the floor. While on the ground, Plaintiff looked down and noticed a wet substance. He examined the substance and concluded that it was yogurt. Plaintiff did not know from who or where the yogurt came, or for how long it was there. Plaintiff testified that the yogurt spill was large enough to cover his shoes and pajamas from the waist down:

> Q. Okay. Did you have yogurt on your left knee?
> A. On my shoes and on my pajamas to where – on my ass part.
> Q. I understand, but what other part? Did you have yogurt on your knee too?
> A. I had it – excuse me, I had it like all from the knee down.
> Q. Okay. All right. And so your knee obviously went through that yogurt?
> A. Yes.

(Doc. 11, Ex. B at 20) After standing, Plaintiff started walking away but soon felt pain in

---

[1] Defendants have submitted a Statement of Material Facts. (Doc. 12) Plaintiff failed to submit a counter-statement as required by the Court's Motion Practice Guidelines described in the Pretrial and Scheduling Order. (Doc. 8)

2

his lower back. After his niece came to check on him, he sat down and requested that she call an ambulance. Shortly thereafter, an ambulance arrived; medical personnel assisted Plaintiff at the scene. Plaintiff informed the medical personnel that he needed to consult with a doctor. Plaintiff was taken by the ambulance to Oakwood Hospital. After arriving, Plaintiff became anxious and left of his own volition without receiving treatment.

### III. LEGAL STANDARD

The standard for summary judgment is well known and is not repeated in detail. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact drawing "all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

### IV. DISCUSSION

#### A.

Defendants proffer several arguments in favor of summary judgment. First, they say that Plaintiff's claims are barred by the open and obvious danger doctrine. Next, they say that Plaintiff has failed to establish a genuine issue as to whether Defendants had actual or constructive notice of the yogurt on the floor. Finally, Defendants say that summary judgment is appropriate because Plaintiff has failed to establish that Defendants' actions were the cause or proximate cause of his injuries. Because Defendants' first argument is persuasive, the Court will not consider Plaintiff's latter two

arguments.[2]

**B.**

Under Michigan law,[3] the party responsible for a premises generally "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition." *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516 (2001). However, if a condition is "so obvious that the invitee might reasonably be expected to discover [it], an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id.* (quoting *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 96 (1992)).

> In sum, the general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk.

*Id.* at 517. A hazard qualifies as "open and obvious" if "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection[.] That is, is it reasonable to expect that the invitee would discover the danger?" *Novotney v. Burger King Corp.*, 198 Mich. App. 470, 475 (1993).

---

[2] In addition, Plaintiff has failed to establish that Defendants had actual or constructive notice of the yogurt spilled on the floor. First, Plaintiff does not argue that Defendants had actual notice. Second, to establish constructive notice, "a plaintiff may meet her burden of demonstrating notice by producing evidence that allows the inference that the defendant should have noticed the dangerous condition." *Bell v. TJX Companies, Inc.*, No. 13-CV-14563, 2015 WL 163834, at *4 (E.D. Mich. Jan. 13, 2015). Here, Plaintiff has produced no evidence that the spill was caused by Defendants or their agents, nor any evidence concerning where the spill came from, who caused it, or how long it was on the floor. Plaintiff's argument that Defendants had constructive notice because the spill was "larger than just a dab" conflates the notice requirement with the open and obvious doctrine: simply because the spill was large does not mean that it existed for a sufficient length of time for Defendants to gain constructive notice. Further, this argument cuts against his position that the spill was not open and obvious.

[3] Michigan substantive law applies in a case where jurisdiction is predicated on diversity. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

Nonetheless, an open and obvious hazard can lead to liability if there are "'special aspects' of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm." *Lugo*, 464 Mich. at 517. A "special aspect" includes, for example, an open and obvious hazard that is unavoidable, or a condition that "impose[s] an unreasonably high risk of severe harm." *Id.*

Further, in *Lugo v. Ameritech Corp.*, the Michigan Supreme Court explained that when considering whether a hazard is open and obvious, a court must "focus on the *objective nature* of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Id.* at 524 (emphasis added). Thus, even if "a plaintiff was injured as a result of a risk that was truly outside the open and obvious doctrine and that posed an unreasonable risk of harm, the fact that the plaintiff was also negligent would not bar a cause of action." *Id.* at 523.

Finally, in addition to applying to a claim that the defendant breached a duty in allowing a dangerous condition to exist, the open and obvious doctrine applies to claims that a defendant failed to warn about the dangerous condition, as well as to any theory of liability where "injury would have been avoided had an 'open and obvious' danger been observed." *Millikin v. Walton Manor Mobile Home Park, Inc.*, 234 Mich. App. 490, 497 (1999).

### C.

Here, the yogurt presented an open and obvious hazard. There is no question that yogurt, an opaque or even solid white substance, is not clear or translucent. Plaintiff does not argue that the yogurt was invisible; he testified that after he fell, he

was able to see the yogurt on the floor. Plaintiff's testimony also establishes that the spill was large enough to cover his shoes and his pajamas from the waist down. Thus, there is evidence that there was a substantial amount of yogurt on the floor. *Cf. Williams v. Frankenmuth Bavarian Inn, Inc.*, No 283898, 2008 WL 4891414 at *1 (Mich. App. Nov.13, 2008) (holding that a "small and nearly invisible" water puddle was not open and obvious). Finally, Plaintiff does not argue that there are any "special aspects" that render the spilled yogurt unavoidable or unreasonably dangerous. This Court has previously held that where a hazard is readily observable and there are no "special aspects" present, summary judgment is appropriate. *See Brown v. Delta Air Lines, Inc.*, No. 11-11155, 2012 WL 368213, at *1 (E.D. Mich. Feb. 3, 2012) (granting summary judgment in favor of defendant, where plaintiff admitted to seeing a visible puddle of water and discolored, wet carpeting, and where no "special aspects" existed).

In response, Plaintiff says that although he was paying attention to his surroundings immediately before the accident, he did not realize the presence of the yogurt until after he fell. However, because whether the yogurt was open and obvious is an *objective* inquiry, *see Lugo*, 464 Mich. at 524, Plaintiff's subjective degree of care is irrelevant. Under an objective inquiry, there appears no question that "an average user with ordinary intelligence" would have discovered the yogurt spilled on the floor "upon casual inspection." Next, Plaintiff states that his "failure to appreciate the presence of the spilled yogurt was frustrated by the coloration of the underlying tile and the yogurt itself." (Doc. 13 at 3) However, Plaintiff does not specify the color of the floor where the yogurt spilled or the color of the yogurt itself. In addition, evidence that the yogurt was plainly visible before Plaintiff's fall belies this argument.

Finally, Plaintiff cites numerous cases for the proposition that a clear liquid spilled on the floor is not an open and obvious condition. Most of the cited cases have to do with spilled water. *See, e.g.*, *Hernandez v. Wal-Mart Stores E., L.P.*, No. 12-CV-11647, 2013 WL 1505843 (E.D. Mich. Apr. 12, 2013) (water spilled on a white tile floor); *Farhood v. Bed Bath & Beyond, Inc.*, No. 10-13877-AC-MKM, 2011 WL 3880492 (E.D. Mich. Sept 2, 2011) (plaintiff alleging an "invisible" water puddle that blended in with the flooring); *Cottrell v. Holiday Inn Southfield*, No. 275295, 2008 WL 400680, at *1 (Mich. Ct. App. Feb. 14, 2008) (water on a glossy, blue-green tile floor). The only case cited by Plaintiff that does not involve water is *Mousa v. Wal-Mart Stores E., L.P.*, No. 11-14522, 2013 WL 5352949 (E.D. Mich. Sept. 23, 2013). There, the plaintiff slipped on laundry detergent and there was a factual dispute as to whether the detergent was clear or blue. Construing the facts in the light most favorable to the plaintiff, the Court "assume[d] for purposes of summary judgment that the liquid spill was clear." *Id.* at *8. However, because there is no question that yogurt is an opaque or solid white substance, the facts of the instant case are distinguishable. Plaintiff fails to demonstrate a genuine issue of material fact as to whether the spilled yogurt was an open and obvious danger.

## V. CONCLUSION

For the reasons described above, Defendants' motion for summary judgment has been granted. The case is DISMISSED.

SO ORDERED.

s/Avern Cohn<br>
UNITED STATES DISTRICT JUDGE

DATED: April 29, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 29, 2015, by electronic and/or ordinary mail.

s/Sakne Chami<br>
Case Manager, (313) 234-5160